IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN McTERNAN, et. al, | : | No. 4:07-cv-88 |
| Plaintiffs, | : | Judge Jones |
| v. | : | |
| CITY OF YORK, et. al, | : | |
| Defendants | : | |

## MEMORANDUM

May 22, 2007

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before the Court is a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("the Motion")(doc. 29) filed by Defendants City of York, York Police Commissioner Mark L. Whitman, and York Officer Jason Jay on March 23, 2007.

For the reason that follow, the Motion shall be granted and this action dismissed.

### FACTUAL BACKGROUND/PROCEDURAL HISTORY:

Plaintiffs John McTernan, Edward D. Snell, John Wood, and Luanne C. Ferguson are Christian, pro-life advocates who periodically appear at the Planned

1

Parenthood of Central Pennsylvania facility in the City of York to demonstrate their anti-abortion views. (Complaint, ¶¶3-6, 12-13).

The main entrance to the Planned Parenthood facility is located on a sidewalk in the front of the building facing Beaver Street. Planned Parenthood acquired title to the property on the 15th day of December, 1980, by Deed from York Tape and Label Corp. (Complaint, ¶¶14-15). At some point prior to November, 2006, Planned Parenthood constructed a ramp from the street level to its entrance. The ramp is approximately four feet wide and runs from the sidewalk level to its entrance, parallel to the front of the building. (Complaint, ¶16). The ramp was constructed on the public sidewalks of York and within the recognized public easement for the City of York. (Complaint, ¶17). A survey conducted indicates that 2.9 feet of this ramp protrudes into the public right-of-way. (Complaint, ¶18). By letter dated November 22, 2006, Plaintiff McTernan informed Police Commissioner Whitman that the ramp protruded into the public right-of-way. (Complaint, ¶20).

On November 29, 2006, Officer Jay was on duty at the Planned Parenthood facility. Plaintiffs were also at the facility, protesting in support of their views. (Complaint, ¶¶23-24). That morning, Plaintiffs sought to enter the ramp for the purpose of providing pregnant women with their views regarding abortion.

(Complaint, ¶25). At that time, Officer Jay told Plaintiffs that if they entered upon the ramp, he would arrest them for trespassing. Plaintiffs told Officer Jay that the ramp was located in the public right-of-way and that in their view Planned Parenthood had no right to prohibit them from entering the ramp. (Complaint, ¶26).

Plaintiff initiated this civil action by filing a complaint (doc. 1) on January 16, 2007 seeking nominal damages; a declaratory judgment; and temporary and permanent injunctive relief. The complaint attempts to assert civil rights claims pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's First Amendment rights to free exercise of religion (Count I); peaceful assembly (Count II); and free speech (Count III). The complaint names the City of York, Whitman and Jay as Defendants. Defendant Whitman is named in his official capacity only, and Defendant Jay is being sued in his official and individual capacities.

Commensurate with the filing of their complaint, Plaintiffs filed a Motion for a Preliminary Injunction. (Rec. Doc. 2). Within the Motion, Plaintiffs move the Court to enter an injunction against the City of York and its officials and police officers, preventing the City of York from interfering with Plaintiffs' free exercise rights in front of the Planned Parenthood facility located on Beaver Street in the City of York. Plaintiffs also move the Court to enjoin the City of York from

enforcing trespass statutes against the Plaintiffs on the handicap ramp that accesses the Planned Parenthood facility. By Memorandum and Order dated May 21, 2007, we denied Plaintiffs' Motion for Preliminary Injunction. Specifically we held that the Planned Parenthood ramp was *not* a public forum for First Amendment purposes, and therefore Officer Jay's instruction to Plaintiffs not to enter upon the ramp was both reasonable and constitutional.

On March 23, 2007, the Defendants filed the instant Motion. The Motion has been fully briefed by the parties and is therefore ripe for our review.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355

U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d5 310 (3d Cir. 1986).

## DISCUSSION:

### A. Merger of Claims

At the outset we note that the claims against Defendants Whitman and Jay in their official capacities shall be dismissed because they merge, as a matter of law, with the §1983 claims asserted against the Defendant City of York, because suits against a municipal employee in his official capacity is in reality a suit against a government entity that the employee represents. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Courts within the Third Circuit have ruled that claims against an official in his or her official capacity are redundant with the claims against a municipality that employs the official and should therefore be dismissed. Crane v. Cumberland County, PA, 2000 U.S. Dist Lexis 22489, *3 (M.D.Pa. June 16, 2000), aff'd 64 Fed. Appx. 838 (3d Cir. 2003). Accordingly, the §1983 official capacity claims against Defendants Whitman and Jay shall be dismissed with prejudice. Inasmuch as the Plaintiff has only asserted claims against Defendant Whitman in his official capacity, he shall be dismissed entirely as a party to this action.

### B. Failure to State Cognizable First and/or Fourteenth Amendment

## **Claims**

The Defendants argue that the Plaintiffs have failed to state a cognizable §1983 claim against them. For the reasons that follow, we agree.

Plaintiffs utilize 42 U.S.C. § 1983 as the vehicle to assert their federal civil rights claims against Defendants. Section 1983 does not create substantive rights, but only provides "remedies for deprivations of rights elsewhere conferred in the Constitution or federal laws." Kneipp v. Tedder, 95 F.3d 1199, 1205 (3d Cir. 1996). To prevail in a §1983 action, a plaintiff must demonstrate (1) a violation of rights secured by the constitutional laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. Gonzaga University v. Doe, 536 U.S. 273, 284-285 (2002); Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). "The first step in evaluating a §1983 claim is to 'identify the exact contours of the underlying rights said to have been violated' and to determine 'whether the plaintiff has alleged the deprivation of a constitutional right at all.'" Nicini, 212 F.3d at 806 (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n. 5 (1998)).

In our Memorandum and Order denying Plaintiffs' Motion for Preliminary Injunction, we ruled that the Planned Parenthood ramp was not a public forum for First Amendment purposes. Applying a lesser level of scrutiny to the ramp, we

fount it entirely reasonable for Officer Jay to instruct individuals not to stand or congregate on the ramp, because their static presence on the ramp necessarily conflicted with the ramp's handicap accessibility requirements. Applying this previous ruling to the instant Motion, it is clear that Plaintiffs cannot allege that they have a First Amendment right to be present on the ramp, because we have ruled that the ramp is a non-public forum and Officer Jay's actions constitute reasonable and content neutral regulations relating to the use of the ramp. Accordingly, because we found that the Plaintiffs have not suffered a constitutional harm, their §1983 claims necessarily fail. Therefore, we shall grant the Defendants' Motion and dismiss this action in its entirety. An appropriate order shall issue.